UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SIDNEY BAUGH,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>KIM ADAMSON, *et al.*,<br>　　　　　　　　　　　Defendants. | Case No. 3:20-cv-00119-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Sidney Baugh, through the help of another inmate, filed a motion for appointment of counsel. (ECF No. 8 at 1 n.1.) Baugh asserts the following. Since contracting COVID-19, Baugh has had difficulty reading and writing and understanding abstract or complicated concepts such as legal theories relevant to this case. (*Id.* at 2.) Baugh will need expert witnesses and discovery in this case and Baugh is not capable of presenting that information. (*Id.* at 5-7.) Defendants filed a response (ECF No. 9), and Baugh filed a reply (ECF No. 11).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The Court, however, will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

///

The Court does not find exceptional circumstances that warrant the appointment of counsel at this time. *See Baker v. Macomber*, Case No. 2:15-CV-00248-TLN-AC, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020) (finding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). The Court thus denies the motion for appointment of counsel without prejudice.

It is therefore ordered that Plaintiff Sidney Baugh's motion for appointment of counsel (ECF No. 8) is denied without prejudice.

DATED THIS 25th Day of June 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE